|     |                                              |                                 |
| --- | -------------------------------------------- | ------------------------------- |
| 1   | HONORABLE RONALD B. LEIGHTON                 |                                 |

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| SAFECO INSURANCE COMPANY OF ILLINOIS, | CASE NO. C17-5224RBL |
| --- | --- |
| Plaintiff, | ORDER GRANTING MOTION TO AMEND |
| v. | |
| TERRY L SCHMID, et al., | |
| Defendants. | |

THIS MATTER is before the Court on Plaintiff Safeco's Motion to Amend its Complaint [Dkt. #21]. This Declaratory Judgment action relates to Defendant Schmid's UIM claim(s) under his Safeco policy. The facts are more fully outlined in the Court's prior Order denying Schmid's motion to dismiss. [Dkt. #18]

Safeco claims that Schmid's agreement to arbitrate with the tortfeasor, Foss, and to "cap" his recovery from Foss to the amount of his liability insurance violated Safeco's policy, by precluding it from later recovering from Foss any UIM payment it makes to Schmid. It sued in this Court to obtain a declaratory judgment to that effect. Schmid sought dismissal, arguing the Court should abstain in favor of what it claimed was a duplicative state court proceeding, *Schmid*

*v, Foss*, into which Safeco had already intervened. The Court denied the Motion because the cases were not duplicative.

Safeco now seeks to amend its complaint to include facts and events that occurred in the meantime, including a second IFCA notice served by Schmid. It seeks a declaratory judgment that Schmid's agreement with Foss violated his policy, and that Safeco is not obligated to pay him UIM benefits because of it. Its amended complaint specifically seeks a declaratory judgment that Safeco did not violate the IFCA or otherwise act in bad faith.

Schmid argues primarily that the Washington Court of Appeals has recently "accepted review" of the issues Safeco raises in *this* case, which Schmid sought to adjudicate by summary judgment in state court. His state court motion was denied, and he sought discretionary review. He then moved in the court of appeals to convert his motion for discretionary review to a notice of appeal, seeking appeal as of right. The Court Commissioner granted that motion (in part) and stayed the state court case pending a decision on the merits of that appeal.

Safeco points out that that is not quite the same thing as a ruling that the issues in this case *were* before the state trial court, or that they are *now* on review in the state court of appeals. Indeed, Schmid's motion for discretionary review of the order denying him motion for summary judgment is itself "*stayed*," not granted:

> This court's consideration of any remaining matters raised in Schmid's notices of discretionary review: (1) cost issues decided on February 24, 2017,[11] and (2) the superior court's June 23, 2017 denial of Schmid's summary judgment motion[12] are stayed pending a decision in the appeal as of right. RAP 7.3; RAP 8.3. In addition, the underlying superior court litigation is stayed pending a decision in the appeal as of right. RAP 7.3; RAP 8.3.

[Commissioner's Ruling; Dkt. #26 at 24]

ORDER GRANTING MOTION TO AMEND - 2

The Commissioner instead held only that the trial court's denial of Schmid's motion to compel Safeco to arbitrate under its policy was appealable as a matter of right. The other issues (including whatever state court proceedings remained for trial after the arbitration) were stayed pending a decision on that issue. Safeco argues persuasively that the effect of Schmid's "capping" agreement with Foss—the subject of this litigation, but not the state court case—will require adjudication, regardless of the outcome in state court. And if Safeco prevails, further proceedings in state court will be moot.

Schmid also argues that Safeco is attempting to bait him into litigating his (as of yet un-asserted[1]) bad faith claims in this case, rather than in state court. Safeco points out that he has yet to plead those claims in any court, and its initial complaint in this Court already addressed the IFCA claims he raised in his first IFCA notice.

Leave to amend a complaint under Fed. R. Civ. P. 15(a) "shall be freely given when justice so requires." *Carvalho v. Equifax Info. Services, LLC*, 629 F.3d 876, 892 (9th Cir. 2010) (citing *Forman v. Davis*, 371 U.S. 178, 182 (1962)). This policy is "to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (citations omitted). In determining whether to grant leave under Rule 15, courts consider five factors: "bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011) (emphasis added). Among these factors, prejudice to the opposing party carries the greatest weight. *Eminence Capital,* 316 F.3d at 1052.

---

[1] Schmid has served IFCA notices on Safeco, but has not asserted bad faith claims in any pleading in state court or here.

A proposed amendment is futile "if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Gaskill v. Travelers Ins. Co.*, No. 11-cv-05847-RJB, 2012 WL 1605221, at *2 (W.D. Wash. May 8, 2012) (citing *Sweaney v. Ada County, Idaho*, 119 F.3d 1385, 1393 (9th Cir.1997)).

Schmid's claim that amendment would be futile is not correct, for the reasons articulated above: this case is not duplicative of the state court case, and the Commissioner's ruling does not hold or suggest that it is. The resolution of Schmid's appeal will not make the issues in this case moot.

Nor can the Court conclude that Safeco's motion is brought in bad faith. The claims it seeks to add are related to the claims this Court already declined to dismiss, and they are based on events that occurred after this case was filed. It is logical to include them in this case. It remains clear that they are not the same as the issues that will be resolved in the court of appeals, and that no resolution of Schmid's appeal will render them moot.

The Motion to Amend is GRANTED and Safeco shall file its proposed first amended complaint.

IT IS SO ORDERED.

Dated this 21st day of September, 2017.

Ronald B. Leighton
United States District Judge