HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SAFECO INSURANCE COMPANY OF ILLINOIS, a foreign insurer,

Plaintiff,

v.

TERRY L. SCHMID and NOEL M. SCHMID, and their marital community, Washington residents,

Defendants.

CASE NO. C17-5224RBL

ORDER ON SUMMARY JUDGMENT

THIS MATTER is before the Court on Plaintiff's Motion for Summary Judgment [Dkt. #35], and in opposition, the Defendants' Motion to Strike Hearsay Documents, Motion to Stay Pending Resolution of the Appeal Before State Court of Appeals [Dkt. #37], and Motion to Certify Question to the Washington State Supreme Court [Dkt. #39]. The Court has reviewed the materials for and against the motions and has conducted oral argument. For the reasons that follow, the Plaintiff's Motion is **GRANTED** and each of Defendants' Motions is **DENIED**.

ORDER ON SUMMARY JUDGMENT - 1

# I. FACTS

On April 4, 2012, Terry Schmid was involved in an automobile accident with Robert Reynolds in Tacoma. On April 10, 2012, Schmid was involved in another accident with Christopher Foss, also in Tacoma.

Safeco had issued automobile liability insurance policy No. H517774 to Schmid and that policy was in effect at the time of each accident. The Safeco Policy includes Underinsured Motorist coverage (limited to $500,000 per person and per accident).

In 2015, Schmid sued Reynolds in Pierce County Superior Court, seeking a judgment against Reynolds for damages sustained by Schmid in the First Accident. The liability limit of Reynolds' automobile insurance policy was $25,000 per person.

Also in 2015, Schmid sued Foss in Pierce County Superior Court, seeking a judgment against Foss for damages he sustained in the Second Accident. The liability limit of Foss's automobile insurance policy was $250,000 per person.

On September 24, 2015, Safeco moved to intervene in the underlying lawsuit against Foss. Schmid opposed the intervention. Foss also opposed the motion. The court reserved ruling, but ordered the parties to allow Safeco to participate in all discovery. The court allowed Safeco to renew its motion after ninety days.

On September 29, 2015, Schmid sent Safeco a "Notice of Intent to Arbitrate." Safeco declined to arbitrate the UIM claim.

Safeco filed a second motion to intervene on February 3, 2016. Schmid again opposed intervention. The court allowed Safeco to intervene as a participant in the action. On March 28, 2016, the court consolidated the suit against Reynolds with the suit against Foss.

On January 26, 2017, Schmid filed a Motion to Transfer Case to and Compel Binding Arbitration, Strike Trial Date and Determine that Safeco Will Be Bound by an Arbitration Award ("Motion to Compel Arbitration"). Safeco opposed the motion. Reynolds did not oppose the motion. Foss joined in the motion. The state trial court denied Schmid's motion, ruling that Safeco could not be compelled to participate in any arbitration agreed to by other parties, and that neither Safeco nor Schmid would be bound by the arbitration award in any subsequent litigation regarding the UIM claim.

The same day, Schmid entered into a Stipulation with Reynolds and Foss for final and binding arbitration of their disputes. Schmid agreed to limit enforcement of any arbitration award against either defendant to that defendant's automobile liability policy limits ($25,000 and $250,000, respectively). The parties agreed to withhold information regarding this jurisdictional limit or waiver of damages above policy limits, so that the Arbitrator would feel free to award damages in excess of the limits.

Before the arbitration took place, Schmid settled his claim against Reynolds for the injuries sustained in the First Accident, released Reynolds, and Reynolds was dismissed from the lawsuit. Reynolds paid Schmid $25,000 in settlement.

On June 29 and 30, 2017, Schmid and Foss arbitrated the tort claim and the arbitrator awarded Schmid $378,000. Foss paid Schmid the $250,000 to which Schmid was legally entitled. Foss also paid the cost bill amount requested by Schmid. The arbitration award was not reduced to judgment.

Schmid asserts the right to recover UIM benefits from Safeco in the amount the arbitration award exceeded the $250,000 paid by Foss. Safeco contends no such benefits are

payable, because Schmid has already received all amounts he is "legally entitled to recover." It seeks declaratory judgment to that effect, as a matter of law.

## II. DISCUSSION

**A. Defendants' Motion to Strike Hearsay Evidence.**

Schmid moves to strike exhibits of two emails (Exhibits "C" and "F" attached to the Declaration of Lisa Neal [Dkt. #36]) authored by Foss's counsel. Safeco provided this evidence to rebut any claim by Schmid that he could have recovered more than $250,000 from Foss. As stated by Foss's counsel, the full arbitration award is "not fully recoverable given the $250,000 cap in the stipulation by which Safeco transferred the case to arbitration." Foss's counsel's understanding of the arbitration limitation is not hearsay. In fact, the email, once authenticated by a custodian of records, falls within an exception to hearsay because it is a record of a regularly conducted activity.

The other email in the exhibit reflects a conversation Foss's counsel had with Schmid's counsel. Again, the email itself is admissible as a business record. The statement contained in the record was made by Schmid's counsel and could be offered against Schmid, and is not, therefore, hearsay. The content of the exhibit may be admissible at trial, and the Court may consider the evidence, because summary judgment evidence need not be in the same form as would be required at trial.

In addition, pursuant to Fed. R. Evid. 807, a hearsay statement is not excluded by the rule against hearsay even if the statement is not specifically covered by a hearsay exception in Rule 803 or 804:

(1) the statement has equivalent circumstantial guarantees of trustworthiness;

(2) it is offered as evidence of a material fact;

(3) it is more probative on the point for which it is offered than any other evidence that the proponent can obtain through reasonable efforts; and

(4) admitting it will best serve the purposes of these rules and the interests of justice.

The motion to Strike is **DENIED**.

**B. Defendants' Motion to Stay Pending Resolution of the Appeal.**

The Court has reviewed the all of the materials filed with respect to this motion. In addition, the Court has read its Order Denying Motion to Dismiss, in which the Court determined "[t]his case is not duplicative of the State Court UIM case . . . ." Dkt. 18 at 5. For the reasons stated in that order, this motion [Dkt. #37] is similarly **DENIED.**

The issues in the current appeal before the State Court of Appeals are relevant to, but not dispositive of, the issue in this Declaratory Judgment action. Therefore, the Court, in its discretion, **DENIES** this motion and proceeds to the merits of the Summary Judgment motion [Dkt. #35] now pending.

**C. Defendants' Motion to Certify Question to the Washington Supreme Court.**

The legal standard for certification of a question to the State Supreme Court is codified at RCW § 2.60.020:

> When in the opinion of any federal court before whom a proceeding is pending, it is necessary to ascertain the local law of this state in order to dispose of such proceeding and the local law has not been clearly determined, such federal court may certify to the supreme court for answer the question of local law involved and the supreme court shall render its opinion in answer thereto.

The "[c]ertificate procedure may be invoked by a federal court upon its own motion or upon the motion of any interested party in the litigation involved if the federal court grants such motion." Wash. Rev. Code § 2.60.030(1).

In the opinion of the Court, the issue before it in this motion for summary judgment is not novel or new. Resolution requires adherence to time honored principles of contract interpretation

and devotion to one of our cherished freedoms—the freedom to contract. When evaluated objectively, these principles lead the way inexorably to the correct answer to the question posed by this case. The Court declines to certify the question to the State Supreme Court.

**D. Motions for Summary Judgment.**

Summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In determining whether an issue of fact exists, the Court must view all evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. *Anderson Liberty Lobby, Inc.*, 477 U.S. 242, 248–50 (1986); *Bagdadi v. Nazar*, 84 F.3d 1194, 1197 (9th Cir. 1996). A genuine issue of material fact exists where there is sufficient evidence for a reasonable factfinder to find for the nonmoving party. *Anderson*, 477 U.S. at 248. The inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id*. At 251–52. The moving party bears the initial burden of showing that there is no evidence which supports an element essential to the nonmovant's claim. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Once the movant has met this burden, the nonmoving party then must show that there is a genuine issue for trial. *Anderson*, 477 U.S. at 250. If the nonmoving party fails to establish the existence of a genuine issue of material fact, "the moving party is entitled to judgment as a matter of law." *Celotex*, 477 U.S. at 323–24.

Interpretation of the policy language providing underinsured motorist insurance involves both statutory and contractual analysis, both under Washington law. *See Sayan v. United Serv. Auto. Ass'n*, 716 P.2d 895, 898 (Wash. 1986). RCW § 48.22.030 provides that automobile insurance policies must provide coverage for insured persons "who are legally entitled to recover

damages from owners or operators of underinsured motor vehicles." The policy issued by Safeco complied with this requirement and mirrored the statutory language. It provided UIM coverage if an insured was "legally entitled to recover" damages, but was unable to do so because the tortfeasor carried inadequate insurance.

"Legally entitled to recover" means that there must be a legal right to collect money damages from the tortfeasor. If, for example, a tortfeasor is immune from liability, an insured would not be legally entitled to recover damages from such person and would, therefore, not be entitled to underinsured motorist compensation from his insurer. *Sayan*, 716 P.2d at 900. Thus, entitlement to underinsured motorist compensation is directly linked to what an insured may legally recover from a tortfeasor.

*In Reichl v. State Farm Mutual Auto. Ins. Co.*, 880 P.2d 558 (Wash. Ct. App. 1994), Reichl obtained a jury verdict and a judgment against the other driver, which was fully satisfied. She then sought payment of additional accident-related medical bills from her own insurer, State Farm, under her PIP coverage. State Farm refused and she sued for breach of contract. She lost on summary judgment. The Washington Court of Appeals affirmed, holding that, as a matter of law, the plaintiff was "fully compensated" when "the judgment in [her case against the other driver] was satisfied." *Id.* at 560. Because she could not recover medical bills from the tortfeasor, she had no "legal right" to recover them from her PIP insurer.

In *McCloud v. Depositor Insurance Co.*, 2006 WL 2290757 (W.D. Wa. 2006), McCloud sued the other driver in state district court. The jury's verdict far exceeded the court's $50,000 jurisdictional limit. The judgment was reduced to reflect that limit (plus costs), and was satisfied. McCloud sued in this Court to recover the difference between the judgment and the verdict from her UIM insurer.

The Court dismissed McCloud's claims in an unpublished but persuasive and correctly-decided opinion. It held that the jurisdictional limit of the trial court fixed the maximum amount that Plaintiff was "legally entitled to recover" from the tortfeasor, notwithstanding the larger verdict. Because the judgment was satisfied, McCloud was not legally entitled to recover anything else from the tortfeasor, and was not entitled to additional UIM benefits from her insurer.

Safeco argues that Schmid was similarly not "legally entitled to recover" anything more, because he (like McCloud) voluntarily submitted his claim against the other driver to a forum with a jurisdictional limit.

Schmid relies on *Mencel v. Farmers Insurance Co.*, 937 P.2d 627 (Wash. Ct. App. 1997), but *Mencel* is not directly on point. Mencel sued the other driver and obtained a jury verdict of $804,450—more than the tortfeasor's policy limits. After the verdict (but before judgment), Mencel settled with the tortfeasor for $725,000.

He then sought UIM benefits from his own insurer to recover the delta. The insurer argued that Mencel was not "legally entitled to recover" anything more from the tortfeasor, and was therefore not entitled to recover UIM benefits from it.

The Court of Appeals rejected this argument and held that the settlement amount did not represent "full compensation," because the plaintiff could have received a judgment up to the amount of the jury verdict. Accordingly, Mencel was entitled to additional, UIM benefits from his insurer.

Here, Schmid and Foss agreed to arbitrate, with a ceiling of $250,000 as the maximum amount that Schmid could legally recover from Foss. After the arbitrator awarded more, Foss satisfied his legal obligations by paying $250,000.

Schmid contends that the fact that the Mencel settled *after* a jury had determined the amount he was "legally entitled to recover," while Schmid agreed to a jurisdictional cap *before* arbitration is a "distinction without any merit or difference." The Court disagrees.

The decision to limit the arbitrator's jurisdiction was indeed a decision to limit the amount Schmid was "legally entitled to recover" from the tortfeasor. Schmid and Foss effectively created their own "court of limited jurisdiction" by agreeing to an arbitration where the maximum amount Foss would have to pay was $250,000. Their contract leads necessarily to the conclusion that, regardless of the damages awarded by the arbitrator, the maximum recovery available to Schmid was $250,000. Schmid was "legally entitled to recover" a maximum of $250,000, and he has recovered that amount. He is not entitled to any amount under the UIM provisions of his Safeco policy, as a matter of law.

Safeco's Motion for Summary Judgment [Dkt. #35] is **GRANTED**, and Schmid's motion on this point is **DENIED**. Any other pending motions are **DENIED AS MOOT**.

IT IS SO ORDERED.

Dated this 19th day of April, 2018.

Ronald B. Leighton
United States District Judge